UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TREVOR BOLTON, | ) Case No. 1:18CV1164 |
| | ) |
| Petitioner | ) JUDGE DONALD NUGENT |
| | ) MAGISTRATE JUDGE DAVID RUIZ |
| v. | ) |
| | ) |
| CHAE HARRIS, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) |
| | ) REPORT AND RECOMMENDATION |

Trevor Bolton ("Bolton" or "petitioner") has filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  The petition is before the magistrate judge pursuant to Local Rule

72.2.  At the time he filed his petition, the petitioner was in the custody of the Lebanon

Correctional Institution pursuant to journal entry of sentence dated January 11, 2011, in the case

of *State v. Bolton*, Case No. CR-10-537424-A.  (R. 1, PageID #: 1; R. 14-1, RX 15.)

Bolton filed the petition *pro se,* concerning his 2010 convictions for kidnapping, rape,

gross sexual imposition, and having weapons under disability in the Cuyahoga County (Ohio)

Court of Common Pleas.  (R. 1.)  In his petition, Bolton raises eighteen grounds for relief:

GROUND ONE:  The trial court erred and abused its discretion in denying
appellant's motion for leave to file delayed motion for new trial based upon newly
discovered evidence conclusively establishing the appellant's innocence without
conducting a hearing or making any factual finding or legal conclusions, thus
depriving appellant of due process of law.

GROUND TWO: Where the trial court conducts a de novo sentencing on remand,
the court must apply the recent sentencing law and the statutory changes to prison
term for third-degree felonies under R.C. 2929.14 (A)(3)(b).

GROUND THREE: A delay in imposing sentence of well over two years is presumptively prejudicial where the delay is not attributable in any way to the defendant and the denial of a proper motion to dismiss for the excessive delay [is] violative of due process.

GROUND FOUR: The trial court erred as matter of law in denying appellant's motion for relief from the judgment of conviction for having a weapon under disability where the six year limitations period had expired prior to the commencement of the prosecution in this case.

GROUND FIVE: The trial court erred as matter of law in failing to conduct an inquiry as to whether the gross sexual imposition and rape charges were allied offenses of similar import and violated appellant's double jeopardy protection by imposing consecutive sentences for both.

GROUND SIX:  Consistent with R.C. 2953.08(G), a trial court may not impose consecutive sentences on remand where the remand was based on the trial court's failure to make the required finding for consecutive sentences.

GROUND SEVEN: A defendant has been denied due process of law when the court fails to suppress statements made by a defendant, without counsel after defendant has been formally charged with the offense.

GROUND EIGHT: A defendant has been denied due process of law when the court refuses to appropriate funds for an indigent defendant for expert consultation to evaluate DNA evidence.

GROUND NINE: A defendant has been denied his constitutional right of confrontation and cross-examination where the court limits cross-examination of a prosecution witness.

GROUND TEN: A defendant has been denied his constitutional right to present a defense when the court refuses to instruct on the lesser included offense of sexual battery and abduction in a rape and kidnapping prosecution.

GROUND ELEVEN: A defendant has been denied a fair trial by reason of cumulative errors committed during the course of the trial.

GROUND TWELVE: A defendant has been denied due process of law and the assistance of counsel when the court, in rendering its verdict does not allow defendant nor his counsel to make a closing statement.

2

GROUND THIRTEEN: A defendant has been denied due process of law when the court that [sic] a defendant possessed a firearm when the jury specifically noted that the defendant did not possess a firearm.

GROUND FOURTEEN: A defendant has been denied due process of law when the court sentences defendant on the one count of rape after the jury found him not guilty on two identical counts of rape.

GROUND FIFTEEN: A defendant has been denied due process of law when the court overrules a motion for judgment of acquittal where there is insufficient evidence to permit a rational fact-finder to return a verdict of guilty.

GROUND SIXTEEN: A defendant has been unconstitutionally and multiply sentenced to separate punishments where a court refuses to merge convictions for rape, kidnapping and gross sexual imposition.

GROUND SEVENTEEN: Defendant was denied due process of law when the court imposed a consecutive sentence without making the required findings.

GROUND EIGHTEEN: Defendant was denied due process of law when the court proceeded to resentence defendant and failed to consider the present status of defendant.

(R. 1, PageID #: 25-42.)  Respondent has filed a Return of Writ (R. 14), and the petitioner filed a Traverse (R. 19).  For the following reasons, the magistrate judge recommends that the petition be DENIED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct.  28 U.S.C. § 2254(e)(1); *Johnson v. Genovese*, 924 F.3d 929, 938 (6th Cir. 2019); *Thomas v. Stephenson*, 898 F.3d 693, 696 (6th Cir. 2018).  The same deference is applied to state-court factual findings made by a state appellate court based on the trial record.  *Johnson*, 924 F.3d at 938; *Carruthers v. Mays*, 889 F.3d 273, 277 n.1 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1173 (2019).  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing

3

evidence. *Tharpe v. Sellers*, 138 S. Ct. 545, 546 (2018) (per curiam); *Mitchell v. MacLaren*, 933 F.3d 526, 531-532 (6th Cir. 2019) (citing *Henley v. Bell*, 487 F.3d 379, 384 (6th Cir. 2007)); *Johnson*, 924 F.3d at 938; *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Bolton does not challenge the state court's recitation of the underlying facts.

The Ohio Court of Appeals provided the following factual and procedural background:

On November 30, 2010, appellant's jury trial commenced. At trial, the victim, K.K., testified that in 2002 and 2003, she lived in a two-story house in East Cleveland, Ohio. K.K. testified that on May 7, 2003, she was in her upstairs bedroom when she heard noises coming from downstairs. When she went into the hallway, she saw a man coming up the stairs. She testified that she did not see the man clearly, but heard him say, "put your head down, turn around." At that point, the man grabbed her and pushed her into her bedroom. K.K. testified that the man pointed a firearm at her while he pulled off her pants. Subsequently, the man penetrated her with his mouth, fingers, and penis. K.K. testified that her eyes were closed when the man was on top of her, however, when she opened her eyes, she saw the firearm laying near her face on the bed. K.K. testified that she immediately contacted the police once the man left her house. When the officers arrived at her residence, K.K. informed them that she had been raped, and she was taken to the hospital for examination.

Dr. Daniel Dickriede testified that he was the emergency room doctor at South Pointe Hospital when K.K. arrived. Dr. Dickriede testified that K.K. stated that the individual who raped her was armed and pressed the gun to the back of her head. Dr. Dickriede testified that the completed rape kit and K.K.'s clothing were given to the Cleveland Police Department ("CPD"). He testified that the physical examination of K.K. showed that her memory was intact, although she was suffering from depression.

Detective Alan Strickler of the CPD, Sex Crimes and Child Abuse Unit, testified that he met with K.K. on May 21, 2003 and took her written statement. Det. Strickler testified that he lost contact with K.K. when she moved out of her Cleveland home. The case became a cold case until 2007, when Det. Strickler learned that there was a DNA match found in a DNA profile database. The database identified appellant as a DNA match.

Det. Strickler testified that he attempted to contact K.K. immediately, but was unable to locate her until 2010. He testified that once he was able to locate K.K., she came to his office and was shown a photo lineup. K.K. indicated that No. 6 in the photo array looked familiar, but she was unable to say if he was the person who

4

raped her. At that point, Det. Strickler informed K.K. that "Trevor Bolton is No. 6. Any reaction?" Det. Strickler testified that K.K. informed him that "she knew him from somewhere." Upon showing K.K. a different photograph, K.K. stated, "I definitely know him." Subsequently, Det. Strickler made contact with appellant and obtained his written consent to take a buccal swab.

Catherine Dennisoff of the CPD Forensic Lab testified that on May 19, 2010, Det. Strickler brought the buccal swab to the forensic lab in a property envelope. The property envelope was sealed and delivered to the Ohio Bureau of Criminal Identification and Investigation unit ("BCI") on May 26, 2010. Dennisoff explained that she complied with CPD forensic lab polices and procedures for handling evidence.

Dale Laux, a laboratory technician employed by BCI, testified that on June 17, 2003, the CPD submitted six items for forensic analysis in this case, including K.K.'s rape kit, clothing, and bedding. Laux testified that he tested the items in compliance with the BCI standard procedures. Laux testified that he discovered body fluids and semen stains on the underwear submitted by the CPD and preserved the evidence for subsequent DNA analysis.

Melissa Zielaskiewicz, a forensic scientist employed by BCI, testified that the uniqueness of one's DNA makes it reliable evidence to identify a party associated with a crime. She testified that BCI took cautionary measures to ensure the integrity of its testing. Zielaskiewicz testified that she received evidence relating to K.K.'s case on June 17, 2003. Zielaskiewicz testified that she was advised in 2007 that there was a hit on the department's DNA database informing that an individual had been potentially identified as the source of the DNA. Zielaskiewicz testified that the computer match of the DNA was made to appellant. After the computer match, a second report was generated on June 24, 2010, using the buccal swabs taken from appellant. Zielaskiewicz testified that after conducting the DNA analysis, she concluded that appellant could not be excluded as a source of the semen found on K.K.'s underwear. Zielaskiewicz further stated that "the chance of finding another random person in the population that would have the same DNA profile" was "1 in 1,481,000,000,000."

At the conclusion of trial, the jury found appellant guilty of kidnapping, gross sexual imposition, and one count of rape. Additionally, the trial court found appellant guilty of having a weapon while under disability. Appellant, however, was found not guilty by the jury on the aggravated robbery count, two counts of rape, and the firearm specifications.

On January 6, 2011, the trial court sentenced appellant to ten years on the kidnapping charge and ten years on the rape charge, to run concurrently to each other. Additionally, the trial court sentenced appellant to 18 months on the gross

5

sexual imposition charge and five years on the charge of having a weapon while under disability, to run consecutively to each other and consecutively to the rape and kidnapping charges.  Accordingly, appellant was ordered to serve an aggregate term of 16 and one-half years.

(R. 14-1, RX 20, PageID #: 296-300; *State v. Bolton*, No. 96385, 2012 WL 171039, at *1-*2

(Ohio Ct. App. Jan. 19, 2012).)

The petitioner filed a timely direct appeal on February 7, 2011.  (R. 14-1, RX 16.)  His appeal raised twelve assignments of error:

1. Defendant was denied due process of law when the court overruled his motion to suppress.

2. Defendant was denied due process of law when the court overruled his motion to dismiss by reason of the unreasonable delay in commencing a prosecution.

3. Defendant was denied due process of law when the court refused to appropriate funds for an expert opinion to evaluate DNA evidence.

4. Defendant was denied his constitutional right of confrontation and cross-examination.

5. Defendant was denied due process of law and his right to present a defense when the court refused to instruct on the lesser offense of sexual battery and abduction.

6. Defendant was denied due process of law when the court refused to instruct, with reference to the kidnapping count, that a jury make a determination as to whether the victim was released in a safe place unharmed.

7. Defendant was denied a fair trial by reason of cumulative errors committed during the course of the trial.

    (a). Declaring witnesses to be experts in the presence of the jury[;]
    (b). Use of statistical evidence not prepared by the witness[;]
    (c). Unsupported claims by the prosecutor concerning DNA evidence[;]
    (d). Denigration of defense counsel[; and]
    (e). Improper testimony from Det. Alan Strickler[.]

6

8.  Defendant was denied due process of law and assistance of counsel when the court rendered its verdict without allowing defendant or his counsel to make a closing statement.

9.  Defendant was denied due process of law when the court found defendant possessed a firearm when the jury specifically found that defendant did not possess a firearm.

10.  Defendant was denied due process of law when he was sentenced on one count of rape after the jury found him not guilty on two identical counts of rape.

11.  Defendant was denied due process of law when the court overruled a motion for judgment of acquittal.

   (a).  Having a weapon while under disability[; and]
   (b).  Verdicts for Rape, Kidnapping and Gross Sexual Imposition[.]

12.  Defendant was subjected to unconstitutional multiple punishments when the court separately sentenced defendant for rape, kidnapping and gross sexual imposition.

13.  Defendant was denied due process of law when the court applied the newly enacted Adam Walsh Act's registration requirements to defendant's offenses which occurred prior to the enactment of the Act.

14.  Defendant was denied due process of law when the court did not assess costs in open court and cost[s] were assessed in the judgment entry.

(R. 14-1, RX 17, PageID #: 198-199.)  On January 19, 2012, the court of appeals affirmed the petitioner's convictions, but ruled that the kidnapping and gross sexual imposition convictions should merge for sentencing and remanded the case for resentencing.  (R. 14-1, RX 20, PageID #: 331-332, 335; *Bolton*, 2012 WL 171039, at *17, *18.)  The court also found that Bolton should have been classified as a sex offender under the law in effect at the time of his offense and remanded for the trial court to reclassify him properly.  (R. 14-1, RX 20, PageID #: 333-334; *Bolton*, 2012 WL 171039, at *18.)  Finally, the court of appeals found that the trial court did not properly assess court costs on the record and remanded on that basis as well.  (R. 14-1, RX 20,

PageID #: 334; *Bolton*, 2012 WL 171039, at *18.)  The Ohio Court of Appeals denied Bolton's

motion for reconsideration.  (R. 14-1, RX 21, 23.)

      Bolton then filed an appeal to the Supreme Court of Ohio, setting forth the following

twelve propositions of law:

    I.    A defendant has been denied due process of law when the court fails to suppress statements made by a defendant without counsel after defendant had been formally charged with the offense.

    II.    A defendant has been denied due process of law when the court fails to dismiss a count of the indictment which is barred [by] the statute of limitations and there has been an unreasonable delay in commencing a prosecution.

    III.    A defendant has been denied due process of law when the court refuses to appropriate funds for an indigent defendant for expert consultation to evaluate DNA evidence.

    IV.    A defendant has been denied his constitutional right of confrontation and cross-examination where the court limits cross-examination of a prosecution witness.

    V.    A defendant has been denied his constitutional right to present a defense when the court refuses to instruct on the lesser included offense of sexual battery and abduction in a rape and kidnapping prosecution.

    VI.    A defendant has been denied due process of law when the court refuses to instruct, in a kidnapping prosecution, that a jury make a determination whether the victim was released in a safe place unharmed.

    VII.    A defendant has been denied a fair trial by reason of cumulative errors committed during the course of the trial.
        1. Declaring witnesses to be experts in the presence of the jury[;].
        2. Use of statistical evidence not prepared by the witness[;]
        3. Unsupported claims by the prosecutor concerning DNA evidence[;]
        4. Denigration of defense counsel[; and]
        5. Improper testimony from Det. Alan Strickler[.]

    VIII.    A defendant has been denied due process of law and the assistance of counsel when the court, in rendering its verdict, does not allow defendant nor his counsel to make a closing statement.

8

IX.   A defendant has been denied due process of law when the court [found] that a
      defendant possessed a firearm when the jury specifically ruled that defendant
      did [not] possess a firearm.

X.    A defendant has been denied due process of law when the court sentences
      defendant on the one count of rape after the jury found him not guilty on two
      identical counts of rape.

XI.   A defendant has been denied due process of law when the court overrules a
      motion for judgment of acquittal where there is insufficient evidence to permit
      a rational factfinder to return a verdict of guilty.

XII.  A defendant has been unconstitutionally and multiply sentenced to separate
      punishments where a court refuses to merge convictions for rape, kidnapping
      and gross sexual imposition.

(R. 14-1, RX 25.) On June 6, 2012, the Supreme Court of Ohio denied leave to appeal and

dismissed the appeal as not involving any substantial constitutional question. (R. 14-1, RX 27;

*State v. Bolton*, 132 Ohio St.3d 1411, 968 N.E.2d 492 (2012).)

The trial court held a resentencing hearing on September 27, 2012, at which the court

ruled that gross sexual imposition and kidnapping were allied offenses, sentenced Bolton on

those offenses, and re-classified him as a sexually-oriented offender. (R. 14-1, RX 28.) The trial

court denied Bolton's subsequent motion for reconsideration and modification of his sentence.

(R. 14-1, RX 31.)

Bolton filed an appeal of the resentencing judgment, raising the five following

assignments of error:

1.  Defendant was denied due process of law when the court imposed sexual
    registration requirements based on a repealed statute.

2.  Defendant was denied due process of law when the court imposed consecutive
    sentences which were prohibited under the current version of §2929.41(A) of
    the Ohio Revised Code.

9

3. Defendant was denied due process of law when the court upon a sentencing for consideration of merger for sentences failed to reduce the sentence for having a weapon under a disability.

4. Defendant was denied due process of law when the court imposed a consecutive sentence without making the required finding.

5. Defendant was denied due process of law when the court proceeded to resentence defendant and failed to consider the present status of the defendant.

(R. 14-1, RX 33, PageID #: 468.)  The court of appeals affirmed the judgment of the trial court in part, but sustained the fourth assignment of error on the basis that Ohio Rev. Code §2929.14(C)(4) applied to Bolton's resentencing, and the trial court erred by not making any findings concerning consecutive sentences.  (R. 14-1, RX 35; *State v. Bolton*, No. 99137, 2013 WL 3008785 (Ohio Ct. App. June 13, 2013).)  The court of appeals remanded to the trial court to make such findings.  *Id.*  The Ohio Court of Appeals denied Bolton's motion for reconsideration.  (R. 14-1, RX 36, 38.)

Bolton then filed another appeal to the Supreme Court of Ohio, setting forth the following four propositions of law:

1. A defendant has been denied due process of law when the court imposes [a] sexual registration requirement based on a repealed statute.

2. A defendant has been denied due process of law when consecutive sentences are imposed under a law which prohibits the imposition of consecutive sentences.

3. A defendant has been denied due process of law when the court, at court ordered resentencing, fails to reduce a sentence for a third degree felony whose penalty has been reduced.

4. A defendant has been denied due process of law when a court, at a resentencing, fails to consider the present status of a defendant.

10

(R. 14-1, RX 40.)  On November 20, 2013, the Supreme Court of Ohio declined to accept

jurisdiction of the appeal.  (R. 14-1, RX 42; *State v. Bolton*, 137 Ohio St.3d 1414, 998 N.E.2d

512 (2013).)

On May 29, 2015, Bolton filed a number of motions *pro se*: (1)  a motion for DNA

testing (R. 14-1, RX 43); (2) a motion for relief from judgment (R. 14-1, RX 44); (3) a motion in

support of allocution, in which he sought to renew his previous Rule 29 motion for acquittal (R.

14-1, RX 45); (4) a motion for an evidentiary hearing (R. 14-1, RX 46); (5) a motion to dismiss

for delay in sentencing (R. 14-1, RX 47); and, (6) a motion for leave to file a delayed motion for

a new trial (R. 14-1, RX 48).  The motion to dismiss argued that Bolton was incarcerated under

an invalid sentence because the trial court had not held a resentencing hearing as mandated by

the court of appeal's June 13, 2013 decision.  (R. 14-1, RX 47; *see generally* R. 14-1, RX 35,

PageID #: 501-503 (remanding because trial court did not make findings required under

§2929.14(C)(4) before ordering sentence for weapons disability count to be consecutive); *Bolton*,

2013 WL 3008785, at *2-*3.)  The state filed a brief in opposition to the motion to dismiss (R.

14-1, RX 49), and filed an omnibus brief in opposition to the other motions (R. 14-1, RX 50).

On September 16, 2015, the trial court held a hearing for purposes of resentencing Bolton

and ruling on his May 29 motions.  (R. 14-7, hearing tr., PageID #: 1293.)  The court heard

arguments from defense counsel and provided Bolton with his right to allocution.  *Id.* at 1295-

1299.  The court denied the remaining motions.  *Id.* at 1299-1300.  The court then considered the

§2929.14 factors for imposing consecutive sentences, and resentenced Bolton accordingly.  *Id.* at

1300-1303; *see also* R. 14-1, RX 52 (journal entry).

11

The petitioner then filed an appeal of the second resentencing judgment, raising the following assignments of error:

1. The trial court erred in imposing concurrent [*sic*] sentences where the trial court was obligated to impose concurrent sentences.

2. The trial court erred in sentencing to [*sic*] the appellant to the five years for having a weapon under disability.

3. The trial court erred in denying appellant's motion to dismiss for the unjustifiable delay between remand and resentencing.

4. The trial court erred in failing to grant DNA testing as requested by the appellant.

(R. 14-1, RX 54, PageID #: 598.)  The court of appeals affirmed the judgment of the trial court.

(R. 14-1, RX 56; *State v. Bolton*, No. 103628, 2016 WL 4699950 (Ohio Ct. App. Sept. 8, 2016).)

Bolton next filed an appeal *pro se* to the Supreme Court of Ohio on October 21, 2016, setting forth the following four propositions of law:

1. The decision of this court in *State v. Bonnell* (2014) 160 Ohio St.3d 209, requires a sentencing court, on remand for failing to make the requisite findings to impose consecutive sentences, to impose concurrent sentences, and the failure to do so deprives the defendant of equal protection and due process of law.

2. A sentence imposed for a felony of the third degree on or after the HB-86 changes to R.C. §2929.14(A)(3)(b) must not exceed 36 months and a trial court lacks jurisdiction to do so, depriving a defendant of due process of law.

3. A delay in imposing sentence of well over two years is presumptively prejudicial where the delay is not attributable in any way to the defendant and the denial of a proper motion to dismiss for the excessive delay is violative of due process.

4. Where DNA evidence at trial is established by extrinsic evidence as non-definitive, the denial of a Motion for DNA testing deprives the defendant of equal protection and due process of law.

12

(R. 14-1, RX 58.)  On March 15, 2017, the Supreme Court of Ohio declined to accept

jurisdiction of the appeal.  (R. 14-1, RX 59; *State v. Bolton*, 148 Ohio St.3d 1427, 71 N.E.3d 299

(2017).)

　　　At about the same time, on October 24, 2016, Bolton filed an appeal through counsel to

the Supreme Court of Ohio, setting forth the following propositions of law:

1. Consistent with R.C. 2953.08(G), a trial court may not impose consecutive
sentences on remand where the remand was based on the trial court's failure to
make the required findings for consecutive sentences.

2. Where the trial court conducts a de novo sentencing on remand, the court must
apply the recent sentencing law and the statutory changes to prison terms for
third degree felonies under R.C. 2929.14(A)(3)(b).

3. Two years constitutes an unreasonable delay under Crim.R. 31(A).

4. The interests of justice require that R.C. 2953.73(A) should not be strictly
construed against persons who claim to be innocent and who seek DNA testing.

(R. 14-1, RX 61.)  The Supreme Court of Ohio declined to accept jurisdiction of that appeal as

well, on May 31, 2017.  (R. 14-1, RX 62; *State v. Bolton*, 149 Ohio St.3d 1418, 75 N.E.3d 236

(2017).)

　　　While his appeals were pending at the state high court, Bolton filed a motion for counsel

(R. 14-1, RX 63) and an application *pro se* to reopen his appeal pursuant to Ohio App.R. 26(B)

(R. 14-1, RX 64).  As grounds for his Rule 26(B) motion to reopen, Bolton claimed that

appellate counsel had been ineffective for failing to raise the following claims on direct appeal:

1. The trial court erred as a matter of law in denying appellant's motion for relief
from the judgment of conviction for having a weapon under disability where
the six year limitations period had expired prior to the commencement of the
prosecution in this case.

2. The trial court erred as a matter of law in failing to conduct an inquiry as to
whether the gross sexual imposition and rape charges were allied offenses of

13

similar import, and violated appellant's double jeopardy protection by imposing consecutive sentences for both.

3. The trial court erred and abused its discretion in denying appellant's motion for leave to file delayed motion for new trial based upon newly discovered evidence conclusively establishing the appellant's innocence, without conducting a hearing or making any factual findings or legal conclusions, thus depriving the appellant of due process of law.

(R. 14-1, RX 64, PageID #: 711-713.) The court of appeals denied Bolton's motion to reopen on July 28, 2017. (R. 14-1, RX 66; *State v. Bolton*, No. 103628, 2017 WL 3311027 (Ohio Ct. App. July 28, 2017).)

Bolton then filed an appeal *pro se* to the Supreme Court of Ohio on September 8, 2017, setting forth the following propositions of law:

1. Defendant was denied due process of the law when the court erred as a matter of law in denying appellant's motion for relief from the judgment of conviction for having a weapon under disability where the six year limitation period had expired prior to the commencement of the prosecution in the case.

2. Defendant was denied due process of the law when the court erred as a matter of law in failing to conduct an inquiry as to whether the gross sexual imposition and rape charge were allied offense of similar import and violated appellant's double jeopardy protection by imposing consecutive sentence for both.

3. Defendant was denied due process of the law when the court erred and abused its discretion in denying appellant's motion for leave to file a delayed motion for new trial based on newly discovered evidence conclusively establishing the appellant's innocence without conducting a hearing or making and [sic] factual findings and legal conclusions, thus depriving appellant of due process of law.

(R. 14-1, RX 69.) On December 6, 2017, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. (R. 14-1, RX 70; *State v. Bolton*, 151 Ohio St.3d 1458, 87 N.E.3d 224 (2017).)

14

Bolton then filed the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this court on May 21, 2018.

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002).  *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405.  *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).  A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision

is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Bolton has filed his petition *pro se*. The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)). No other special treatment is afforded litigants who decide to proceed *pro se*. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### III. PROCEDURAL DEFAULT

Respondent argues that the petitioner's fourth ground for relief should be dismissed as procedurally defaulted because it was not raised on direct appeal. (R. 14, PageID #: 116-117.) A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, and relevant here, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

16

round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).  Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing *Buell*, 274 F.3d at 349).

> The fourth ground of the petition is:
>
> The trial court erred as matter of law in denying appellant's motion for relief from the judgment of conviction for having a weapon under disability where the six year limitations period had expired prior to the commencement of the prosecution in this case.

(R. 14-1, PageID #: 28.)  The record reflects that Bolton failed to properly exhaust this claim by including it among the fourteen assignments of error he raised on direct appeal.  (*See* R. 14-1, RX 17.)  Because the claim was not raised in the state court of appeals, it is barred by the Ohio rule of res judicata.  *Lott v. Coyle*, 261 F.3d 594, 611-612 (6th Cir. 2001), *cert. denied*, 534 U.S. 1147 (2002); *Rust*, 17 F.3d at 160-161; *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  Res judicata would bar Bolton from litigating an issue that could have been raised on direct appeal.  *Perry*, 10 Ohio St.2d at 180, 226 N.E.2d at 108.  This habeas claim is procedurally defaulted because the Ohio state courts would no longer entertain it.

Over four years after his December 2010 jury conviction, Bolton attempted to raise this claim in state court in the May 29, 2015, motion for relief from judgment (R. 14-1, RX 44), which was denied by the trial court (R. 14-7, hearing tr., PageID #: 1299-1300).  Bolton did not

17

appeal that ruling.  *See generally O'Sullivan*, 526 U.S. at 845; *Rust*, 17 F.3d at 160 (must exhaust by invoking full appellate review process).

Subsequently, Bolton raised the issue in the context of his November 29, 2016, Rule 26(B) application to reopen, alleging it was a meritorious claim that appellate counsel failed to raise on direct appeal.[1]  *See* R. 14-1, RX 64, PageID #: 711.  However, the Sixth Circuit has ruled that "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review." *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008), *cert. denied*, 558 U.S. 996 (2009) (citing *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)).  *See also Muntaser v. Bradshaw*, No. 10-3112, 2011 WL 2646551, at *6 (6th Cir. July 6, 2011), *cert. denied*, 565 U.S. 1211 (2012) (Rule 26(B) motion limited to ineffective assistance of appellate counsel claims; cannot preserve underlying substantive claim).

In his traverse, Bolton contends that the procedural default should be excused on the basis of actual innocence.  (R. 19, PageID #: 1360.)  He asserts that the victim did not identify him, and the DNA evidence was "manufactured."  *Id.*  Both the identification and the DNA issues have been litigated.

The fundamental miscarriage of justice exception applies only to a "narrow range of cases." *Schlup v. Delo*, 513 U.S. 298, 314-315 (1995) (quoting *McCleskey v. Zant*, 499 U.S.

---

[1]  It is noteworthy that, in denying Bolton's Rule 26(B) application, the state court of appeals held that Bolton's failure to file a pre-trial motion to dismiss based on the statute of limitations waived that argument for any later appeal.  (R. 14-1, RX 66, PageID #: 737; *see. e.g.*, *State v. Jackson*, No. 2008CA30, 2009 WL 1002813, at *1 (Ohio Ct. App. Apr. 10, 2009) (citing *State v. Grant*, No. CA2003-05-114, 2004 WL 1196184, at *1 (Ohio Ct. App. June 1, 2004).)

467, 494 (1991)). The Supreme Court has instructed that the exception should remain "rare,"
applied only in the "extraordinary case." *Id.* at 321. The fundamental miscarriage of justice
exception is explicitly linked to a showing of the petitioner's actual innocence. *Id.* The Supreme
Court has recognized a "narrow exception" to the procedural default rule "when the habeas
applicant can demonstrate that the alleged constitutional error has resulted in the conviction of
one who is actually innocent of the underlying offense." *Dretke v. Haley*, 541 U.S. 386, 388
(2004) (citing *Murray*, 477 U.S. 478).

> The Sixth Circuit has noted:
>
> . . . the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the
> petitioner's] guilt to undermine confidence in the result of the trial." To establish
> actual innocence, "a petitioner must show that it is more likely than not that no
> reasonable juror would have found petitioner guilty beyond a reasonable doubt."
> The [Supreme] Court has noted that "actual innocence means factual innocence,
> not mere legal insufficiency." To be credible, such a claim requires petitioner to
> support his allegations of constitutional error with *new reliable evidence* – whether
> it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical
> physical evidence – that was not presented at trial." The Court counseled however,
> that the actual innocence exception should "remain rare" and "only be applied in
> the 'extraordinary case.'"

*Souter v. Jones*, 395 F.3d 577, 589-590 (6th Cir. 2005) (emphasis added) (internal citations
omitted). Bolton does not provide any new reliable evidence that would tend to establish his
innocence, for purposes of overcoming his procedural default. The court does not find that
Bolton's arguments undermine confidence in the result of the trial, or that this is the type of
"extraordinary case" contemplated by the Supreme Court. *See Murray*, 477 U.S. at 496.

> Therefore, the fourth ground should be dismissed as procedurally defaulted.

19

## IV.  STATE LAW CLAIMS

Respondent argues that the petitioner's first, second, fifth and sixteenth grounds for relief are non-cognizable in federal habeas proceedings because they are state law claims.  (R. 14, PageID #: 106, 110-111, 119-120, 124-125, 147-148.)

The question before this federal habeas court is whether the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law; thus any alleged violation of the Ohio Constitution or Ohio law is not properly before this court.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Nelson v. Ohio Adult Parole Auth.*, No. 1:14CV1530, 2016 WL 1408591, at *4 (N.D. Ohio Apr. 11, 2016) (citing *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000)); *Lallathin v. Lazaroff*, No. 2:05CV1155, 2006 WL 3257395, at *11 (S.D. Ohio Nov. 9, 2006) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988)).  A federal habeas court does not act as an additional appellate court to review a state court's interpretation of its own law or procedure.  *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *Lallathin*, 2006 WL 3257395, at *11 (citing *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)).

### A.  Motion for New Trial

The first ground of the petition is:

The trial court erred and abused its discretion in denying appellant's motion for leave to file delayed motion for new trial based upon newly discovered evidence conclusively establishing the appellant's innocence without conducting a hearing or making any factual finding or legal conclusions, thus depriving appellant of due process of law.

(R. 1, PageID #: 25.)  In his supporting facts, Bolton contends that the trial court's denial of his motion for leave to file a motion for new trial without a hearing was "arbitrary, unreasonable, and unconscionable," and constitutes a denial of due process of law.  *Id.*

The Sixth Circuit has held that "a state trial court's alleged abuse of discretion, without more, is not a constitutional violation."  *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (citing *Sinistaj v. Burt*, 66 F.3d 804, 805, 808 (6th Cir. 1995)).  In addition, the Sixth Circuit has rejected a similar due process argument as a state law issue that is not subject to habeas review. *Pudelski v. Wilson*, 576 F.3d 595, 610-611 (6th Cir. 2009), *cert. denied,* 560 U.S. 904 (2010).  In *Pudelski*, the petitioner argued that "the trial court abused its discretion and misapplied Ohio law when denying his motion for new trial based on newly discovered evidence," and that the state court's rulings denied him due process of law.  *Id.* at 610.  The Sixth Circuit ruled that the petitioner's claim was clearly premised on issues of state law, and state law issues are not subject to habeas review.  *Id.* at 611 (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).  The court stated that habeas review was only available for constitutional error, and that a constitutional due process claim would lie only if the petitioner could demonstrate "that the trial court's denial of his motion for new trial was 'so egregious' that it violated his right to a fundamentally fair trial." *Id.*

Here, Bolton does not demonstrate that the state court's denial of his motion to leave was so egregious as to result in constitutional error.  *See generally* R. 1, PageID #: 25.  The motion for leave filed in state court does not itself set forth what the "new evidence" necessitating a new trial might be, other than an oblique reference to DNA evidence.  (R. 14-1, RX 48, PageID #: 564.)  Bolton's motion for an evidentiary hearing, filed the same date, likewise does not identify

any new evidence, although it asserts summarily that he has "presented sufficient evidence to demonstrate .... that he is entitled to a new trial based upon newly discovered evidence unavailable to him at the time of trial..."  (R. 14-1, RX 46, PageID #: 556.)  In fact, from the motion for additional DNA testing filed that same May 29, it appears the "newly discovered evidence conclusively establishing [his] innocence" was actually not yet in existence, and that Bolton's claim, at that point, simply relied on conjecture that the DNA evidence used at trial was improperly interpreted.  *See generally* R. 14-1, RX 43.  Based on the record before the court, the court cannot find a due process violation, because the the trial court's denial of Bolton's motion for new trial was not "so egregious" that it violated his right to a fundamentally fair trial. *Pudelski*, 576 F.3d at 610-611.

Bolton's first ground for relief, alleging that the state court abused its discretion and misapplied Ohio Crim.R. 33, is premised on issues of state law, and is not cognizable for habeas review.  The petition should not be granted on the basis of the first ground.

## B.  Sentencing on Remand

The second ground of the petition is:

Where the trial court conducts a de novo sentencing on remand, the court must apply the recent sentencing law and the statutory changes to prison term for third-degree felonies under R.C. 2929.14 (A)(3)(b).

(R. 1, PageID #: 26.)  Respondent asserts that the petitioner is seeking a reduction in his sentence based on changes in Ohio law.  (R. 14, PageID #: 109; *see generally* R. 1, PageID #: 26.) Respondent further explains that "Bolton is seeking a reduction in his five-year weapons under disability sentence based on statutory changes that occurred between his sentencing and resentencing."  (R. 14, PageID #: 109; *see generally* R. 1, PageID #: 26.)

The state court of appeals addressed his claim and found "the [trial] court had no authority to consider whether to resentence Bolton on the weapons disability count based on certain statutory changes to prison terms for third degree felonies under R.C. 2929.14(A)(3)(b)." (R. 14-1, RX 35, PageID #: 500; *Bolton*, 2013 WL 3008785, at *2.)  The state appellate court determined that state law "makes it plain that only those offenses that were the subject of the reversal are subject to resentencing.  The weapons disability count was not the subject of our allied offenses reversal, so the court lacked authority to resentence on that count." *Id.; see also* R. 14-1, RX 20, PageID #: 331-332; *Bolton*, 2012 WL 171039, at *17 ("revers[ing] appellant's sentence as to the kidnapping and gross sexual imposition convictions and remand[ing] for merger and resentencing").

A challenge to the state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.  *See, e.g.*, *Gunn v. Burton*, No. 19-1077, 2019 WL 7602327, at *3 (6th Cir. July 30, 2019) (citing *Austin*, 213 F.3d at 301); *Terry v. Trippett*, 62 F.3d 1418, 1995 WL 469424, at *1 (6th Cir. 1995) (TABLE, text in WESTLAW) (citing *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam)); *Dority v. Bunting*, No. 3:12CV633, 2013 WL 5797743, at *9 (N.D. Ohio Oct. 28, 2013) (citing *Austin*).  As long as the sentence does not exceed the statutory maximum, "trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'"  *Austin*, 213 F.3d at 301 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)); *Rossbach v. Turner*, No. 3:13CV552, 2015 WL 3953063, at *3 (N.D. Ohio June 29, 2015) (sentence that falls within penalty set by statute does not violate Constitution, citing *Austin*).

The petitioner's second ground for relief, that the trial court improperly sentenced him on remand, is premised on issues of state law, and is not cognizable for habeas review.  Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  *Williams*, 529 U.S. at 412-413; *Lewis*, 497 U.S. at 780. Bolton has not established that the state court decision regarding his sentencing violates either standard.

Therefore, the petition should not be granted on the basis of the second ground for relief.

### C.  Allied Offenses of Similar Import

The fifth and sixteenth grounds of the petition allege that Bolton was unconstitutionally sentenced for offenses that should have been merged as "allied offenses of similar import." Specifically, he alleges:

> [5.]  The trial court erred as matter of law in failing to conduct an inquiry as to whether the gross sexual imposition and rape charges were allied offenses of similar import and violated appellant's double jeopardy protection by imposing consecutive sentences for both.

> [16.]  A defendant has been unconstitutionally and multiply sentenced to separate punishments where a court refuses to merge convictions for rape, kidnapping and gross sexual imposition.

(R. 1, PageID #: 29, 40.)  Respondent contends that these merger claims are premised on state law issues and therefore not cognizable on habeas review; and, that ground sixteen is also moot in part.  (R. 14, PageID #: 119-120.)

During his direct appeal, Bolton's twelfth assignment of error stated he "was subjected to unconstitutional multiple punishments when the court separately sentenced defendant for rape, kidnapping and gross sexual imposition."  (R. 14-1, RX 17, PageID #: 199.)  He argued, in part,

24

that separate sentences for rape, kidnaping, and gross sexual imposition violated his "rights

under the Fifth Amendment not to be subjected to cumulative and multiple punishments." *Id.* at

239.

The Ohio Court of Appeals concluded that Bolton's conviction for gross sexual imposition

and rape involved separate acts.  The state appellate court addressed his claim as follows:

> In his twelfth assignment of error, appellant contends that his convictions for rape, kidnapping, and gross sexual imposition were allied offenses of similar import, committed neither separately nor with a separate animus.

> In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court established the proper analysis for determining whether offenses qualify as allied offenses subject to merger pursuant to R.C. 2941.25:

>> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other.  *** If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

>> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." [*State v.] Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

>> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

>> Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.  (Emphasis *sic*.) *Id.* at ¶ 48–51.

> The state concedes that the convictions for gross sexual imposition and kidnapping should merge because the movement of K.K. from the hallway to her bedroom was

25

incidental to the crime of gross sexual imposition.  However, the state argues that because the gross sexual imposition offense involved a separate animus than the rape, these convictions should not merge.  We agree.

In the instant case, appellant was convicted of gross sexual imposition based on conduct that involved rubbing and kissing K.K.'s buttocks.  Separate from that, but following that course of events, the rape conviction was based on conduct whereby appellant penetrated K.K.'s vagina with his penis.  Here, the conduct constituting the gross sexual imposition was not incidental to the conduct constituting the rape, but constituted a separate act.  *State v. Knight*, 8th Dist. No. 89534, 2008-Ohio-579, 2008 WL 384240; *State v. Reid*, 8th Dist. No. 83206, 2004-Ohio-2018, 2004 WL 859172; *State v. Mason*, 10th Dist. Nos. 10AP-337 and 10AP-342, 2011-Ohio-3301, 2011 WL 2586685.  Thus, the merger of the rape and gross sexual imposition offenses was not required because the offenses were separate acts committed with a separate animus and different criminal conduct.

While we acknowledge that there may be circumstances under which gross sexual imposition and rape could be allied offenses of similar import, the *Johnson* court has recognized that this analysis may produce varying results in different cases involving the same set of offenses.  *Johnson*, 128 Ohio St.3d 153, at ¶ 52.  "But different results are permissible, given that the statute instructs courts to examine a defendant's conduct — an inherently subjective determination." *Id.*

Accordingly, appellant's twelfth assignment of error is sustained only as to the kidnapping and gross sexual imposition convictions.  We reverse appellant's sentence as to the kidnapping and gross sexual imposition convictions and remand for merger and resentencing, at which the state must elect which allied offense it will pursue against appellant.

(R. 14-1, RX 20, PageID #: 329-332; *Bolton*, 2012 WL 171039, at *16-*17.)

Respondent argues that part of the sixteenth ground is moot, because the trial court on remand determined that Bolton's convictions for gross sexual imposition and kidnapping were allied offenses of similar import and merged them for purposes of sentencing.  (R. 14, PageID #: 119.)  Reference to the record demonstrates that the trial court did merge the gross sexual imposition and kidnapping convictions for sentencing, thus any habeas relief for this portion of the sixteenth ground is moot.  *See* R. 14-1, RX 28, PageID #: 426.

26

Regarding the remaining portions of the fifth and sixteenth grounds, this court has explained, "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.'  This clause protects criminal defendants not only from successive prosecutions for the same offense, but also from multiple punishments for the same offense." *Wilson v. Warden, Ross Corr. Inst.*, 2013 U.S. Dist. LEXIS 181181 (N.D. Ohio, July 10, 2013), adopted by *Wilson v. Warden, Ross Corr. Inst.*, 2013 U.S. Dist. LEXIS 181179 (N.D. Ohio, Dec. 30, 2013) (citing *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977).  Pursuant to the "same elements" test established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the court must determine whether a charged offense "requires proof of an additional fact which the other does not."

Here, the state appellate court concluded that the gross sexual imposition offense involved a separate animus than the rape and therefore the convictions were not allied offenses and should not merge.  The underlying facts support the state court's finding that Bolton's gross sexual imposition conviction was based upon conduct of rubbing and kissing the victim's buttocks, while his rape conviction was based on his separate act of penetrating the victim's vagina with his penis.  Thus, there is sufficient evidence to support the state court's conclusion that "the conduct constituting the gross sexual imposition was not incidental to the conduct constituting the rape, but constituted a separate act."  (R. 14-1, RX 20, PageID #: 329-332; *Bolton*, 2012 WL 171039, at *16-*17.)  This conclusion is not an unreasonable application of clearly established federal law nor is it based upon an unreasonable determination of the facts in

27

light of the evidence presented. *See Wilson*, 2013 U.S. Dist. LEXIS 181181, at *50-51, (citing *Thomas v. Brunsman*, 2008 U.S. Dist. LEXIS 118323 (S.D. Ohio, Nov. 5, 2008) ("because the rape and the kidnapping each had a separate animus, the Ohio Court of Appeals' adjudication of petitioner's double jeopardy claim was neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court in addressing double jeopardy 'multiple punishment' violations and was reasonable in light of the evidence presented at petitioner's state criminal trial.")); *Spence v. Sheets*, 675 F. Supp. 2d 792, 825 (S.D. Ohio 2009) (finding the state court's conclusion that evidence reflected separate criminal acts due to the prolonged restraint and movement of the victims did not violate the Double Jeopardy Clause); *McKitrick v. Smith*, 2009 U.S. Dist. LEXIS 35638 (N.D. Ohio April 21, 2009) (trial court's finding that petitioner had "separate animi" for robbery and kidnapping is due deference in habeas proceedings and therefore petitioner's convictions did not violate *Blockburger*).

In addition, to the extent that Bolton's habeas claims alleging that the trial court erred by not merging his convictions as allied offenses are based on the application of state law, *see* Ohio Revised Code § 2941.25(A), a challenge to the state court's application of Ohio's allied offenses statute is not cognizable on federal habeas review. *Minor*, 2019 WL 2489656, at *2 (citing *Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014), *cert. denied*, 574 U.S. 848 (2014)); *Hawkins v. Warden, Ross Corr. Inst.*, No. 2:19CV3870, 2019 WL 5586884, at *1 (S.D. Ohio Oct. 30, 2019); *Askew v. Bradshaw*, No. 5:12CV131, 2017 WL 3336599, at *2-*3 (N.D. Ohio Aug. 4, 2017); *but see Spence v. Sheets*, 675 F. Supp. 2d 792, 824 (S.D. Ohio 2009) (contra; Ohio's allied offenses statute based on double jeopardy concerns). In general, federal habeas relief is

not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. *See Lewis*, 497 U.S. at 780.

For the foregoing reasons, the petition should not be granted on the basis of the fifth or sixteenth grounds.

### D.  Consecutive Sentences

The sixth and seventeenth grounds of the petition allege that Bolton was improperly sentenced to consecutive sentences.  Specifically, he alleges:

[6.]  Consistent with R.C. 2953.08(G), a trial court may not impose consecutive sentences on remand where the remand was based on the trial court's failure to make the required finding for consecutive sentences.

[17.]  Defendant was denied due process of law when the court imposed a consecutive sentence without making the required findings.

(R. 1, PageID #: 30, 41.)  Bolton argues that when a trial court fails to impose consecutive sentences properly, the sentences must be run concurrently, *id.* at 30, and that the trial court failed to make the required findings to support consecutive sentences, *id.* at 41.  Respondent contends, correctly, that the sentencing claims of the sixth and seventeenth grounds are state law issues, not cognizable on habeas review.  (R. 14, PageID #: 124.)

The state court of appeals overruled Bolton's arguments regarding his resentencing, indicating that the trial court had made the required findings on remand, and that his claim regarding concurrent sentences lacked merit.  (R. 14-1, RX 56, PageID #: 634-635, 636-637; *Bolton*, 2016 WL 4699950, at *3-*4.)  The state appellate court based its rulings on Ohio law. *Id.*

A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.  The U.S. Supreme Court has ruled that the

Sixth Amendment does not prohibit judges from imposing consecutive, rather than concurrent, sentences. *Oregon v. Ice*, 555 U.S. 160 (2009); *Adams v. Kelly*, No. 4:09CV137, 2009 WL 5061766, at *11 (N.D. Ohio Dec. 15, 2009); *Shie v. Smith*, No. 1:08CV194, 2009 WL 385617, at *3 (N.D. Ohio Feb. 13, 2009). Federal habeas relief is not available for a claimed error of state law. *Lewis*, 497 U.S. at 780. The petition should not be granted on the basis of the sixth or seventeenth grounds.

### E. Pre-Sentence Report

The eighteenth ground of the petition contends: "Defendant was denied due process of law when the court proceeded to resentence defendant and failed to consider the present status of defendant." (R. 1, PageID #: 42.) Bolton argues that the court should have considered a new presentence investigation report at his resentencing. *Id.*, citing Ohio Rev. Code § 2951.03. On appeal from his original resentencing, the state court of appeals considered his argument under state law and overruled the assignment of error. (R. 14-1, RX 35, PageID #: 499-500, citing *State v. Wilson*, 129 Ohio St.3d 214, 951 N.E.2d 381 (2011); *Bolton*, 2013 WL 3008785, at *2.)

Here, Respondent asserts that the petitioner is raising an alleged error of state law that does not violate a specific constitutional right, and is not cognizable in habeas corpus, unless it results in a proceeding that is fundamentally unfair in violation of the Due Process Clause. (R. 14, PageID #: 147.)

On appeal, Bolton asserted that the state court's resentencing violated state law (Ohio Rev. Code § 2951.03), because the trial court did not have a current presentence report. (R. 14-1, PageID #: 477.) That is clearly an issue of state law. Bolton went on to argue that "[a] similar issue was considered by the United States Supreme Court where the issue of whether post-

30

sentencing behavior could be considered at a resentencing hearing." *Id.* at 477-478, citing *Pepper v. United States*, [562 U.S. 476,] 131 S.Ct. 1229 (2011).  The petitioner argues that federal sentencing statutes require district courts to consider similar information as Ohio's.  *Id.* at 478.

In *Pepper*, the Supreme Court vacated, and remanded for resentencing, decisions in federal criminal proceedings that held that post-sentence rehabilitation was an impermissible factor to consider in granting a downward variance under the federal Sentencing Guidelines. *Pepper*, 562 U.S. at 480, 482-485.  The Court held that:

> . . . when a defendant's sentence has been set aside on appeal, a district court at resentencing <u>may consider</u> evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range.

*Id.* at 481 (emphasis added).  The Court did not assert that federal district courts must consider such evidence, only that they may.  More importantly in the habeas context, the Court's decision makes it clear that the case was decided based on federal statutory law rather than constitutional due process concerns.  *Id.* at 490-491.  The Court stated that "the Court of Appeals' ruling prohibited the District Court from considering whether any evidence of [defendant's] post-sentencing rehabilitation at resentencing conflicts with longstanding principles of federal sentencing law and contravenes Congress' directives in [18 U.S.C.] §§ 3661 and 3553(a)."  *Id.* at 493.  There is no discussion of any constitutional due process concerns.  *See generally Pepper*, 562 U.S. 476.  *Pepper* does not provide support for finding a due process violation in the state court proceedings involving Bolton.

Federal habeas relief is not available for a claimed error of state law.  *Lewis*, 497 U.S. at 780.  Bolton has not established that the state court decision regarding this aspect of his

sentencing was contrary to, or involved an unreasonable application of, clearly established federal law.  The petition should not be granted on the basis of the eighteenth ground.

## V. SPEEDY TRIAL

The petitioner's third ground for relief asserts:

> A delay in imposing sentence of well over two years is presumptively prejudicial where the delay is not attributable in any way to the defendant and the denial of a proper motion to dismiss for the excessive delay [is] violative of due process.

(R. 1, PageID #: 27.)  Bolton contends that the lengthy delay in resentencing him after his case was remanded for resentencing is a violation of his Sixth Amendment speedy trial rights, and the Fourteenth Amendment.  *Id.*  Although his assignment of error on direct appeal mentioned a violation of his constitutional speedy trial rights, his arguments focused on violations of state law.  (R. 14-1, RX 54, PageID #: 608-609.)

The state appellate court addressed the claim as follows:

> In his third assignment of error, appellant argues that his sentence should be vacated based on the unjustifiable delay between remand and resentencing.

> Crim.R. 32(A) provides, in relevant part, that "a sentence shall be imposed without unnecessary delay."  However, this court has repeatedly held that the requirement under Crim.R. 32(A) that a sentence be imposed without unnecessary delay does not apply to resentencing. [Citations to Ohio cases omitted.]

> This court, in reviewing a delay in resentencing, must consider whether the delay prejudiced the defendant. [Citations to Ohio cases omitted.] Whether the defendant suffered prejudice as a result of the delay depends on the facts of the case.  For example, this court has found prejudice when the defendant was released on bond during the delay and was subsequently ordered to return to prison to serve an additional two months after the length of his sentence had lapsed. [Citations to Ohio cases omitted.]  However, where a defendant was incarcerated during the length of delay and would not have been eligible for release during that time period, this court did not find prejudice. [Citations to Ohio cases omitted.]

In the instant matter, this court's judgment in Bolton II was issued on June 13, 2013, and the trial court resentenced appellant on September 16, 2015. Thus, approximately 27 months elapsed between remand and resentencing.

Despite the delay, we cannot find prejudice to appellant based on the facts of this case. At the original 2011 sentencing hearing, the trial court sentenced appellant to a prison term of ten years on the rape count and five years on the having weapons while under disability count. These sentences were not disturbed by either Bolton I or Bolton II. Even if the trial court ordered appellant to serve these counts concurrently, which it did not, appellant would not have been eligible for release during the 27-month delay. Accordingly, appellant was not prejudiced by the delay. Appellant's third assignment of error is overruled.

(R. 14-1, RX 56, PageID #: 638-640; *Bolton*, 2016 WL 4699950, at *5.)

The Sixth Amendment to the U.S. Constitution guarantees the accused a speedy trial in all criminal prosecutions. The right to a speedy trial is "fundamental," and is imposed on the states by the Due Process Clause of the Fourteenth Amendment. *Barker v. Wingo*, 407 U.S. 514, 515 (1972). The *Barker* Court set out four criteria by which an alleged violation of the constitutional right to a speedy trial is to be judged: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Barker*, 407 U.S. at 530; *see also Doggett v. United States*, 505 U.S. 647, 651 (1992); *Norris v. Schotten*, 146 F.3d 314, 326 (6th Cir.), *cert. denied*, 525 U.S. 935 (1998)

The Sixth Circuit has ruled that a defendant's Sixth Amendment speedy trial rights cease to apply when his conviction becomes definitive, that is, when the conviction is affirmed on direct appeal. *United States v. Sanders*, 452 F.3d 572, 579 (6th Cir. 2006), *cert. denied,* 550 U.S. 920 (2007); *see also Bibbs v. Bunting*, No. 1:16CV2069, 2017 WL 4083558, at *14 (N.D. Ohio May 17, 2017), adopted by, 2017 WL 4077163 (N.D. Ohio Sept. 14, 2017) (citing *Sanders*). The *Sanders* court explained that "when all that remains of a case is the imposition of a sentence, the danger of losing witnesses or other evidence needed to mount an adequate defense is minimized,

if not eliminated completely.  The Supreme Court has never extended *Barker* beyond the

protection of these interests, and we decline to do so today." *Id.* at 580.

The court in *Sanders* noted, however, that a delay in resentencing can still run afoul of

due process guarantees.  *Sanders*, 452 F.3d at 580; *Bibbs*, 2017 WL 4083558, at *14.  The Sixth

Circuit held that:

> . . . after a conviction has been affirmed on appeal, and a case is remanded solely
> for resentencing, the question of whether any delay in imposing the sentence
> violates the defendant's right to due process can be answered by looking to: (1) the
> reasons for the delay; and (2) what prejudice the defendant has suffered as a result
> of the delay.

*Sanders*, 452 F.3d at 580 (citing *United States v. Lovasco*, 431 U.S. 783, 790 (1977)).  The

movant bears a heavy burden to demonstrate a due process violation.  *Id.*

The Ohio Court of Appeals based its decision on state law and did not apply federal law.

(R. 14-1, RX 56, PageID #: 638-640; *Bolton*, 2016 WL 4699950, at *5.)  Where a state court

decides a constitutional issue without extended discussion, the federal habeas court should focus

on the result of the state court's decision, applying the correct standard in its analysis.  *Harris v.

Stovall*, 212 F.3d 940, 943 n.1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001).

Because Bolton's conviction was affirmed on appeal (R. 14-1, RX 20; *Bolton*, 2012 WL

171039), there can be no Sixth Amendment speedy trial violation, and there is no error in that

aspect of the state decision.  *Sanders*, 452 F.3d at 579-580.  In addition, the court finds that

Bolton has failed to carry his heavy burden to demonstrate the prejudice prong of the alleged due

process violation.  *See id*.  As the state court of appeals correctly noted (R. 14-1, RX 56, PageID

#: 639-640; *Bolton*, 2016 WL 4699950, at *5), Bolton had been sentenced to a prison term of ten

years on the rape count, and five years on the having weapons while under disability count.  The

sentences for those counts were not disturbed on appeal.  "Even if the trial court ordered appellant to serve these counts concurrently, which it did not, appellant would not have been eligible for release during the 27-month delay."  *Id.*  Therefore, Bolton was not prejudiced by the delay in resentencing, as he would have remained incarcerated in any event.

The petitioner has not established that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law.  The petition should not be granted on the basis of the third ground for relief.

## VI.  FOURTH AMENDMENT CLAIM

The seventh ground of the petition asserts:

A defendant has been denied due process of law when the court fails to suppress statements made by a defendant, without counsel after defendant has been formally charged with the offense.

(R. 1, PageID #: 31.)  Bolton asserts that DNA samples were taken from him without a warrant, in violation of the Fourth Amendment.  *Id.*  Respondent asserts that the Fourth Amendment claim is not cognizable in federal habeas review.  (R. 14, PageID #: 125-127.)

The United States Supreme Court held in *Stone v. Powell* that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Good v. Berghuis*, 729 F.3d 636, 637-638 (6th Cir. 2013), *cert. denied*, 135 S.Ct. 1174 (2015); *Moore v. Wilson*, No. 5:07CV0537, 2008 WL 3852141, at *3 (N.D. Ohio Aug. 18, 2008).  Although *Stone* predates the AEDPA, it continues to govern Fourth Amendment

habeas claims. *Smith v. Bradshaw*, No. 5:04CV1235, 2006 WL 2233211, at *4 (N.D. Ohio Aug. 3, 2006).

In applying *Stone*, the district court considers two factors. *Henderson v. Wainwright*, No. 17-3948, 2018 WL 1224454, at *3 (6th Cir. Feb. 26, 2018) (citing *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000)); *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982). First, does the state provide a procedure which gives the petitioner an opportunity to raise a Fourth Amendment claim? *Id.* The Sixth Circuit has ruled that Ohio's procedures are adequate in this regard. *Riley*, 674 F.2d at 526; *see also Henderson*, 2018 WL 1224454, at *3; *Moore*, 2008 WL 3852141, at *7 (citing *Riley*); *Smith v. Bradshaw*, 2006 WL 2233211, at *4. Ohio Criminal Rule 12 provides an opportunity to raise Fourth Amendment claims through a pretrial motion to suppress. *Riley*, 674 F.2d at 526; *Smith v. Harris*, No. 4:17CV1034, 2019 WL 5898584, at *12 (N.D. Ohio Oct. 7, 2019), adopted by, 2019 WL 5887519 (N.D. Ohio Nov. 12, 2019). A criminal defendant who has unsuccessfully moved to suppress has the opportunity to directly appeal that order. *Id.* The first factor is satisfied.

The second factor is whether presentation of the Fourth Amendment claim was frustrated because of a failure of the state's procedures. *Riley*, 674 F.2d at 526; *Smith*, 2006 WL 2233211, at *3. This inquiry is "not meant to be a case by case review of state court determinations." *Abdul-Mateen v. Hofbauer*, 215 F.3d 1325, 2000 WL 687653, at *3 (6th Cir. 2000) (TABLE, text in WESTLAW), *cert. denied*, 531 U.S. 933 (2000). The Southern District of Ohio has noted:

> Courts have consistently held that the "relevant inquiry" in resolving the second
> question posed in *Riley* is whether the "habeas petitioner had an opportunity to
> litigate his claims, not whether he in fact did so or even whether the Fourth
> Amendment claim was correctly decided" by the state courts.

*Graham v. Warden, Chillicothe Corr. Inst.*, No. 1:10CV616, 2011 WL 3941615, at *6 (S.D.

Ohio July 22, 2011), adopted by 2011 WL 3941512 (S.D. Ohio Sept. 7, 2011); *see also Good*,

729 F.3d at 639 ("an available avenue for the prisoner to present his claim to the state courts");

*Abdul-Mateen*, 2000 WL 687653, at *3 (inquiry is review of whether state provided adequate

mechanism to address Fourth Amendment claims).  An independent and adequate state

procedural ground may legitimately serve to frustrate a petitioner's opportunity to raise a Fourth

Amendment claim.  *Riley*, 674 F.2d at 526 n.3.

Bolton raised his Fourth Amendment claim through the procedures provided by the State

of Ohio, as set forth above.  Bolton filed a motion to suppress the DNA evidence and appealed

the denial of that motion to the state court of appeals.  *See* R. 14-1, RX 6; RX 17, PageID #: 198,

214; RX 20, PageID #: 300-306; *Bolton*, 2012 WL 171039, at *3.)  As noted by the Sixth

Circuit:  "All that *Stone v. Powell* requires is an 'opportunity' for full and fair consideration of

the claim for suppression; it is up to the claimant and his counsel to decide what use, if any, is to

be made of the opportunity."  *Jennings v. Rees*, 800 F.2d 72, 77 (6th Cir.  1986); *see also*

*Cowans v. Bagley*, 624 F.Supp.2d 709, 797 (S.D. Ohio 2008), *aff'd*, 639 F.3d 241 (6th Cir. 2011)

(quoting *Jennings*).

The petition should not be granted on the seventh ground of the petition, which is barred

under the application of *Stone v. Powell*.  *Stone*, 428 U.S. at 494; *Riley*, 674 F.2d at 526.

## VII.  EXPERT FOR DNA ANALYSIS

The eighth ground of the petition contends:

A defendant has been denied due process of law when the court refuses to
appropriate funds for an indigent defendant for expert consultation to evaluate DNA
evidence.

37

(R. 1, PageID #: 32.)  The petitioner raised this issue on direct appeal.  The state court of appeals

addressed the claim as follows:

> In his third assignment of error, appellant argues that he was denied due process of
> law when the trial court refused to appropriate funds for an expert witness to
> evaluate the DNA evidence on his behalf.
>
> Both the United States Supreme Court and the Ohio Supreme Court have
> consistently held that an indigent criminal defendant is entitled to an expert witness
> at the state's expense under certain conditions.  *State v. Mason*, 82 Ohio St.3d 144,
> 149, 694 N.E.2d 932 (1998).  "As a matter of due process, indigent defendants are
> entitled to receive the 'raw materials' and the 'basic tools of an adequate defense,'
> which may include provision of expert * * * assistance." *Id.*, quoting *Ake v.
> Oklahoma*, 470 U.S. 68, 77, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).
>
> The decision to appoint an expert is left to the trial court's broad discretion, and its
> decision will not be reversed absent an abuse of discretion.  *State v. Wells*, 7th Dist.
> No. 98-JE-3, 2000 WL 309401 (Mar. 22, 2000).  An abuse of discretion implies
> that the trial court acted unreasonably, arbitrarily, or unconscionably.  *State v.
> Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).
>
> It is well settled that in cases where an indigent defendant requests state-funded
> expert assistance, the indigent defendant has the burden of establishing the
> reasonableness of the request.  *State v. Scott*, 41 Ohio App.3d 313, 315, 535 N.E.2d
> 379 (8th Dist.1987).  At a minimum, the indigent defendant must present the trial
> court with sufficient facts upon which the court can base a decision.  *Id.*, citing *Ake,
> supra*, at 83; *State v. Ulis*, 6th Dist. No. L-93-247, 1994 WL 385196 (July 22,
> 1994).
>
> In the case sub judice, appellant's counsel argued that expert review and
> interpretation of the DNA testing report from the BCI "may be useful in his
> defense." Generally, an undeveloped assertion that expert assistance would be
> useful to the defense is inadequate.  *Caldwell v. Mississippi*, 472 U.S. 320, 323-
> 324, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), fn. 1.  Here, appellant has failed to
> assert a specific reason for his request for expert assistance.  "Without a more
> substantial showing that the request for a DNA expert was reasonable, this court
> cannot now say that the trial court erred in denying appellant's request." *State v.
> Kent*, 8th Dist. No. 72435, 1998 WL 323558 (June 18, 1998), citing *Ake, supra*, at
> 83.
>
> Appellant's third assignment of error is overruled.

38

(R. 14-1, RX 20, PageID #: 308-310; *Bolton*, 2012 WL 171039, at *6-*7.)

The state court ruled on Bolton's claim using both state and federal law. This court does not sit to review the application of state law, as already discussed above. Rather, habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Williams*, 529 U.S. at 412-413; *Lewis*, 497 U.S. at 780.

In this case, the state court cited federal law when referring to *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985), as well as *Caldwell v. Mississippi*, 472 U.S. 320, 323-324 (1985). (R. 14-1, RX 20, PageID #: 308-309; *Bolton*, 2012 WL 171039, at *7.) The question before this court, then, is whether the state court unreasonably applied the governing legal principles in *Ake* and *Caldwell* to the facts of Bolton's case. *Williams*, 529 U.S. at 413. A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 411-12; *Lorraine*, 291 F.3d at 422.

While Bolton contends that he was denied due process of law because "there was a duty to assist defendant in obtaining expert testimony with respect to whether he was guilty or not based on DNA evidence" (R. 1, PageID #: 32), neither *Ake* nor *Caldwell* supports such an assertion.

The primary issue that the Supreme Court addressed in *Caldwell* was "whether a capital sentence is valid when the sentencing jury is led to believe that responsibility for determining the appropriateness of a death sentence rests not with the jury but with the appellate court which

39

later reviews the case." *Caldwell*, 472 U.S. at 323.  As a secondary issue, the defendant had requested appointment of a criminal investigator, a fingerprint expert, and a ballistics expert, and "those requests were denied because the requests were accompanied by no showing as to their reasonableness." *Caldwell*, 472 U.S. at 323 n.1.  Because the defendant had "offered little more than undeveloped assertions that the requested assistance would be beneficial," the Court found no deprivation of due process in the trial court's decision, and found "no need to determine as a matter of federal constitutional law what if any showing would have entitled a defendant to assistance of the type here sought." *Id.* (emphasis added).  *Caldwell* therefore does not establish an indubitable due process right to funds for a DNA expert.

The Supreme Court in *Ake*, 470 U.S. 68, held that "when an indigent capital defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, due process requires that the defendant be provided access to the assistance of a psychiatrist." *Medina v. California*, 505 U.S. 437, 444 (1992) (citing *Ake*); *see also Tuggle v. Netherland*, 516 U.S. 10, 12 (1995) (citing *Ake*, when prosecutor presents psychiatric evidence of defendant's future dangerousness in capital sentencing hearing, due process requires State provide assistance of psychiatrist).  The holding in *Ake* does not establish a due process right to funds for a DNA expert.

The Supreme Court has not, thus far, extended its holding in *Ake* to non-psychiatric experts, or to non-capital defendants.  *See generally McGowan v. Winn*, No. 17-2000, 2018 WL 1414902, at *2 (6th Cir. Mar. 21, 2018); *Babick v. Berghuis*, 620 F.3d 571, 579 (6th Cir. 2010), *cert. denied*, 563 U.S. 948 (2011).  While indigent defendants have a constitutional right to the basic tools of an adequate defense or appeal, "there is no clearly established right to the

40

appointment of non-psychiatric expert witnesses or court appointed investigators." *Davis v. Maclaren*, No. 17-2153, 2018 WL 4710071, at *3 (6th Cir. Apr. 3, 2018), *cert. denied*, 140 S. Ct. 892 (2020) (citing *Ake* and *Babick*, 620 F.3d at 579); *see also Davenport v. Smith*, No. 18-5456, 2018 WL 8222902, at *3 (6th Cir. Nov. 27, 2018) (no due process right to a state-paid expert witness outside of the death-penalty context).

Because the Supreme Court has not extended *Ake* to non-psychiatric experts, the state court ruling is not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. *Davenport*, 2018 WL 8222902, at *3; *McGowan*, 2018 WL 1414902, at *2. Therefore, the petition should not be granted on the basis of the eighth ground.

## VIII.  CONFRONTATION CLAUSE

The ninth ground of the petition asserts:

A defendant has been denied his constitutional right of confrontation and cross-examination where the court limits cross-examination of a prosecution witness.

(R. 1, PageID #: 33.)  Bolton objects to limits that the court placed on questions asked of the victim at trial. *Id.*; *see also* R. 14-1, RX 17, PageID #: 219-220.

The state court of appeals addressed the issue as follows:

In his fourth assignment of error, appellant argues that he was denied his constitutional right of confrontation and cross-examination.

On cross-examination, defense counsel questioned K.K. about her boyfriend at the time of the incident. Specifically, counsel inquired into her boyfriend's whereabouts and acquaintances at the time of K.K.'s rape. The state objected to the line of questioning, and the trial court sustained the objection on relevancy grounds. Appellant asserts that the trial court prevented him from challenging K.K.'s bias and prejudice "because it could be assumed that if her boyfriend was in jail she may have thought that defendant was responsible for the boyfriend being in jail or there was some connection between defendant and her boyfriend." We disagree with appellant's assertion.

41

The constitutional right of cross-examination includes the right to impeach a witness's credibility. *State v. Green*, 66 Ohio St.3d 141, 1993-Ohio-26, 609 N.E.2d 1253; *State v.. Brewer,* 2d Dist. No. 13866, 1994 WL 461781 (Aug. 24, 1994); Evid.R. 611(B). Unlike Federal Crim.R. 611, which generally limits cross-examination to matters raised during direct, Ohio Crim.R. 611(B) permits cross-examination on all relevant issues and matters relating to credibility. Weissenberger, *Ohio Evidence 2005 Courtroom Manual*, at 245-246. Possible bias, prejudice, pecuniary interest in the litigation or motive to misrepresent facts, are matters that may affect credibility. Evid.R. 616(A); *State v. Ferguson*, 5 Ohio St.3d 160, 450 N.E.2d 265 (1983). The denial of full and effective cross-examination of any witness who identifies a defendant as the perpetrator of the offense is the denial of the fundamental constitutional right of confrontation essential to a fair trial. *State v. Hannah*, 54 Ohio St.2d 84, 374 N.E.2d 1359 (1978); *Brewer, supra*.

In *State v. Foust*, 2d Dist. No. Civ.A. 20470, 2005-Ohio-440, 2005 WL 281165, ¶ 13-14, the court held:

> On the other hand, trial courts have wide latitude in imposing reasonable limits on the scope of cross-examination based upon concerns about harassment, prejudice, confusion of the issues, the witness's safety, or repetitive, marginally relevant interrogation. *Delaware v. Van Arsdall* (1986), 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674. It is within the trial court's broad discretion to determine whether testimony is relevant, and to balance its potential probative value against the danger of unfair prejudice. *In re Fugate* ([Sept. 22,] 2000), Darke App. No. 1512. We will not interfere with the trial court's decision in those matters absent an abuse of discretion. *Id*. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. *Id*.

In this matter, the determination of whether K.K.'s boyfriend was in prison at the time she was raped was irrelevant to the facts at issue. Any argument to the contrary would require highly objectionable speculation. Furthermore, K.K. testified on cross-examination that she did not know appellant prior to the date of the incident, and there was no evidence presented that appellant shared a relationship with K.K.'s boyfriend. The mere fact that K.K.'s testimony did not align with appellant's theory of defense does not equate to a violation of the confrontation clause.

Appellant's fourth assignment of error is overruled.

(R. 14-1, RX 20, PageID #: 310-312; *Bolton*, 2012 WL 171039, at *7-*8.)

42

The Confrontation Clause of the Sixth Amendment provides an accused with the right to be confronted with the witnesses against him. *Crawford v. Washington*, 541 U.S. 36, 42 (2004); *Pointer v. Texas*, 380 U.S. 400, 406 (1965).  A central purpose of the Confrontation Clause is to allow the defendant the opportunity to cross-examine the witnesses against him. *Vasquez v. Kirkland*, 572 F.3d 1029, 1035-1036 (9th Cir. 2009), *cert. denied*, 558 U.S. 1126 (2010) (citing *Davis v. Alaska*, 415 U.S. 308, 315-316 (1974)); *Drake v. Woods*, 547 F.Supp.2d 253, 264 (S.D. N.Y. 2008).  The Confrontation Clause only guarantees the opportunity for cross-examination, and the right to confront one's accusers normally is satisfied if defense counsel receives wide latitude at trial to question witnesses. *Pennsylvania v. Ritchie*, 480 U.S. 39, 53 (1987); *see also Nevada v. Jackson*, 569 U.S. 505, 511-512 (2013); *Ross v. District Attorney of County of Allegheny*, 672 F.3d 198, 207 (3d Cir. 2012).

The Supreme Court, however, has found that the Confrontation Clause does not prevent a trial judge from imposing "reasonable limits" on cross-examination. *Vasquez*, 572 F.3d at 1036 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).  Thus, "trial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall*, 475 U.S. at 679; *see also Washington v. Renico*, 455 F.3d 722, 729 (6th Cir. 2006), *cert. denied*, 549 U.S. 1306 (2007); *Drake*, 547 F.Supp.2d at 264.

Counsel for Bolton was able to cross-examine the victim rather extensively at trial.  *See* R. 14-4 (trial tr.), PageID # 441-465.  The petitioner's claim here is based on the trial court's ruling on an objection to a single question, specifically:  "... when [the victim] was asked

whether her boyfriend was in jail or prison the court sustained an objection (Tr. 443)." (R. 14-1, RX 17, PageID # 219, citing R. 14-4 (tr.), PageID # 443; *see also* RX 17, PageID # 208.)  The Confrontation Clause only "guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam); *see also Drake*, 547 F.Supp.2d at 264 (same).

The court of appeals found that the trial court did not violate the Confrontation Clause in prohibiting defense counsel from questioning the victim about an irrelevant matter.  (R. 14-1, RX 20, PageID #: 312; *Bolton*, 2012 WL 171039, at *8.)  Bolton has failed to establish that the state court's contested ruling was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.  Therefore, the petition should not be granted on the basis of the ninth ground.

### IX.  LESSER-INCLUDED OFFENSE

The tenth ground of the petition asserts:

> A defendant has been denied his constitutional right to present a defense when the court refuses to instruct on the lesser included offense of sexual battery and abduction in a rape and kidnapping prosecution.

(R. 1, PageID #: 34.)  On appeal, Bolton argued that the trial court improperly denied his request for an instruction that sexual battery was a lesser included offense of rape, and that abduction was a lesser included offense of kidnapping.  (R. 14-1, RX 17, PageID #: 220.)

The state appellate court addressed this claim and concluded that it lacked merit.  That court stated:

44

In his fifth assignment of error, appellant argues that he was denied due process of law and his right to present a defense when the trial court refused to instruct the jury on the lesser included offenses of rape and kidnapping.

An offense may be a lesser included offense of another when (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph three of the syllabus. A charge on a "lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus; *State v. Shane*, 63 Ohio St.3d 630, 632–633, 590 N.E.2d 272 (1992). Conversely, if the jury could not reasonably find against the state on any element of the crime, then a charge on a lesser included offense is not only not required, but is also improper. *Thomas, supra.*

Initially, appellant complains that the trial court erred in refusing to instruct on sexual battery as a lesser included offense of rape. The offense of rape under R.C. 2907.02(A)(2) provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." As used in R.C. 2907.02, "sexual conduct" means "vaginal intercourse between a male and a female;* * * [and p]enetration, however slight, is sufficient to complete vaginal * * * intercourse." R.C. 2907.01(A). The offense of sexual battery under R.C. 2907.03 provides that "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply: (1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution."

The Ohio Supreme Court has previously determined that sexual battery, as statutorily defined, is a lesser included offense of rape. *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144; *State v. Chaney*, 3d Dist. No. 13–07–30, 2008-Ohio-3507, 2008 WL 2718509. Accordingly, a trial court's failure to instruct the jury on sexual battery as a lesser included offense of rape will be error only if the jury could have reasonably found that the defendant compelled the victim to submit to sexual conduct by coercion, but not by force or threat of force. *See Chaney* at ¶ 44.

In the case before us, K.K. testified that appellant compelled her to engage in sexual conduct by force and threat of force. Throughout the trial, neither party presented any evidence to suggest that appellant compelled K.K. to submit to sexual conduct by coercion. Consequently, the trial court did not err in declining to instruct the jury on sexual battery as a lesser included offense of rape.

45

Appellant next complains that the trial court erred in refusing to instruct on abduction as a lesser included offense of kidnapping. Kidnapping is defined in R.C. 2905.01 as follows:

> (A) No person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * *
>
> (2) To facilitate the commission of any felony or flight thereafter;
>
> (3) To terrorize, or to inflict serious physical harm on the victim or another[.]

Abduction is defined in R.C. 2905.02 as:

> (A) No person, without privilege to do so, shall knowingly do any of the following:
>
> (1) By force or threat, remove another from the place where the other person is found;
>
> (2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear[.]

This court has held that abduction is a lesser included offense of kidnapping. *State v. Simmons*, 8th Dist. No. 96208, 2011-Ohio-6074, 2011 WL 5869794, ¶ 42. Here, we are unable to conclude that the trial court erred in failing to give an instruction on abduction where the record is devoid of any evidence that would have caused the jury to find appellant guilty of abduction but not guilty of kidnapping. The evidence demonstrated that appellant placed a gun to K.K.'s head and moved her into her bedroom, where he knowingly restrained her liberty, against her will, with force and threat of force. Consequently, appellant was not entitled to an instruction on the lesser included offense of abduction.

Appellant's fifth assignment of error is without merit.

(R. 14-1, RX 20, PageID #: 312-315; *Bolton*, 2012 WL 171039, at *8-*10.)

The majority view is that the failure to instruct on lesser included offenses in noncapital cases, such as this, is not cognizable in federal habeas cases. *Bagby v. Sowders*, 894 F.2d 792,

46

795-797 (6th Cir.) (en banc), *cert. denied*, 496 U.S. 929 (1990) (citing cases); *see also McMullan v. Booker*, 761 F.3d 662, 667 (6th Cir. 2014), *cert. denied*, 575 U.S 903 (2015).  The Supreme Court has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case.  *McMullan*, 761 F.3d at 667.  *See also Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002), *cert. denied*, 537 U.S. 1192 (2003) (citing *Bagby*); *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001), *cert. denied*, 535 U.S. 975 (2002) (Constitution does not require lesser included offense instruction in non-capital cases, citing *Bagby*).  Bolton does not present a Supreme Court case[2] which would establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

In addition, an allegation that an instruction may be incorrect under state law is not a basis for habeas relief.  *Todd v. Stegal*, No. 00-2203, 2002 WL 554500 (6th Cir.  Apr. 12, 2002) (per curiam), *cert. denied*, 537 U.S. 981 (2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991)).

Bolton has failed to establish that the state court's decision was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the tenth ground.

---

[2]  In his brief on direct appeal, Bolton cited *Keeble v. United States*, 412 U.S. 205, 208 (1973).  (R. 14-1, RX 17, PageID #: 220.)  However, the Supreme Court in that federal criminal appeal was construing the Federal Rules of Criminal procedure and federal criminal statutes, but did not find a constitutional due process violation.

## X.  CUMULATIVE ERRORS

The eleventh ground of the petition claims that Bolton "has been denied a fair trial by reason of cumulative errors committed during the course of the trial."  (R. 1, PageID #: 35.) Under Sixth Circuit precedent, claims of cumulative error are not cognizable in a habeas proceeding.  *See, e.g.*, *Webster v. Horton*, 795 Fed. Appx. 322, 327-328 (6th Cir. 2019) (citing *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006)); *Daniels v. Jackson*, No. 18-1342, 2018 WL 4621942, at *6 (6th Cir. July 17, 2018), *cert. denied*, 140 S. Ct. 44 (2019) (citing *Williams*, 460 F.3d at 816); *Rafferty v. Hudson*, No. 5:08CV1973, 2009 WL 2151832, at *8 (N.D. Ohio July 14, 2009).  Consequently, Bolton has failed to establish that the state court's decision was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the eleventh ground.

## XI.  CLOSING STATEMENT

The twelfth ground of the petition asserts that Bolton was "denied due process of law and the assistance of counsel when the court, in rendering its verdict d[id] not allow defendant nor his counsel to make a closing statement."  (R. 1, PageID #: 36.)

Here, the record shows that Bolton's counsel did present closing argument to the jury before they considered their verdict.  (R. 14-4, tr., PageID #: 571-585.)  After the jury returned its verdict, the trial court found Bolton guilty of having a weapon under disability.  (R. 14-5, tr., PageID #: 607.)  At the point, defense counsel asked, "Even though the jury said he had no gun?" but counsel did not request further argument on the issue.  (R. 14-5, tr., PageID #: 607-608.)

The state court of appeals addressed Bolton's claim as follows:

> In his eighth assignment of error, appellant argues that he was denied due process of law and assistance of counsel when the trial court rendered its verdict without allowing defendant or his counsel to make a closing statement in regard to the charges tried to the bench.
>
> In *Jackson v. Jackson*, 8th Dist. Nos. 64284 and 64873, 1993 WL 526704 (Dec. 16, 1993), this court stated:
>
> > While a trial judge may not refuse to permit final argument in a jury or non-jury case, without violating the defendant's right to assistance of counsel, error in the matter of opening and closing of argument must appear affirmatively from the record in order to be reviewed. The record does not indicate that appellant requested a closing argument which was denied by the trial court. (Citations omitted.) *Id*.
>
> Similarly, in this matter, the record is devoid of any attempt by the trial court to deny appellant's counsel the opportunity to present a closing argument.
>
> Appellant's eighth assignment of error is not reviewable and is, therefore, overruled.

(R. 14-1, RX 20, PageID #: 322; *Bolton*, 2012 WL 171039, at *12-*13.)

The state court did not rely on federal law in making its ruling, so the question for this court becomes whether the state court decision was contrary to clearly established federal law, as determined by the Supreme Court of the United States. *Williams*, 529 U.S. at 412-413. A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405.

In *Herring v New York*, the Supreme Court held that the right of a criminal defendant to present closing argument is derivative of the Sixth Amendment right to counsel. *Batey v. Scutt*, No. 10-1903, 2012 WL 400590, at *6 (6th Cir. Feb. 8, 2012) (citing *Herring v. New York*, 422

49

U.S. 853, 858 (1975)).  In that case, "the Supreme Court held that a New York court rule was unconstitutional because it permitted a judge presiding over a criminal bench trial 'to deny absolutely the opportunity for any closing summation at all.'"  *United States v. Chapple*, No. 19-3111, 2020 WL 429836, at *2 (6th Cir. Jan. 28, 2020) (quoting *Herring*, 422 U.S. at 863).  So long as the trial court allows closing arguments, the court has broad discretion in limiting those arguments.  *Chapple*, 2020 WL 429836, at *2 (citing *Herring*).  "The presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations."  *Herring*, 422 U.S. at 862.

The petitioner has not shown that the trial court deprived him or his counsel from making a closing argument; nor would the record support such an argument, for the reasons explained by the state appellate court.  The petitioner has failed to establish that the state court's decision was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.  Therefore, the petition should not be granted on the basis of the twelfth ground.

## XII.  INCONSISTENT VERDICTS

The thirteenth and fourteenth grounds of the petition allege that there was a due process violation in the trial court's inconsistent verdicts, to wit:

> [13.]  A defendant has been denied due process of law when the court [finds] that a defendant possessed a firearm when the jury specifically ruled that the defendant did not possess a firearm.

> [14.]  A defendant has been denied due process of law when the court sentences defendant on the one count of rape after the jury found him not guilty on two identical counts of rape.

50

(R. 1, PageID #: 37-38.)  Respondent argues that these claims are not cognizable on federal

habeas review.  (R. 14, PageID #: 141-142.)

The state court of appeals overruled Bolton's argument, stating:

. . . appellant argues that he was denied due process of law when the trial court
found him guilty of having a weapon while under disability when the jury
previously found that he did not possess a firearm.

However, "in criminal cases, consistency between verdicts on several counts of an
indictment is unnecessary where the defendant is convicted on one or some counts,
and acquitted on others, and the conviction will generally be upheld, irrespective of
its rational incompatibility with the acquittal." *State v. Sailor*, 8th Dist. No. 83552,
2004-Ohio-5207, 2004 WL 2340113, ¶ 88, citing *State v. Woodson*, 24 Ohio
App.3d 143, 493 N.E.2d 1018 (10th Dist.1985). Accordingly, any inconsistency
between verdicts on a count in an indictment charging defendant with having a
weapon while under disability and a firearm specification count will not be grounds
for reversal. *Id.*

(R. 14-1, RX 20, PageID #: 323; *Bolton*, 2012 WL 171039, at *12.)

The state court did not rely on federal law in making its ruling, so the question for this

court is whether the state court decision was contrary to clearly established federal law, as

determined by the Supreme Court of the United States.  *Williams*, 529 U.S. at 412-413.

The Supreme Court has ruled, in *Dunn v. United States*, 284 U.S. 390, (1932), "that a

criminal defendant convicted by a jury on one count could not attack that conviction because it

was inconsistent with the jury's verdict of acquittal on another count." *United States v. Powell*,

469 U.S. 57, 58 (1984) (reaffirming the rule in *Dunn*).  The Court stated that: "Consistency in the

verdict is not necessary. Each count in an indictment is regarded as if it was a separate

indictment." *Dunn,* 284 U.S. a 393.  The Court in *Powell* stated:

. . . there is no reason to vacate respondent's conviction merely because the verdicts
cannot rationally be reconciled.  Respondent is given the benefit of her acquittal on
the counts on which she was acquitted, and it is neither irrational nor illogical to
require her to accept the burden of conviction on the counts on which the jury

51

convicted.  The rule established in *Dunn v. United States* has stood without exception in this Court for 53 years.

*Powell*, 469 U.S. at 69.  *See also Getsy v. Mitchell*, 495 F.3d 295, 307 (6th Cir. 2007), *cert. denied,* 552 U.S. 1244 (2008); *United States v. Johnson*, 223 F.3d 665, 675 (7th Cir. 2000), *cert. denied,* 534 U.S. 829 (2001) (inconsistent findings do not invalidate verdict); *Mapes v. Coyle*, 171 F.3d 408, 420 (6th Cir. 1999), *cert. denied,* 528 U.S. 946 (1999) (inconsistent verdicts are viewed completely separately).  The state court's rulings are not contrary to the rule of *Dunn* and *Powell*.

Consequently, the petitioner has failed to establish that the state court's decision was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the thirteenth or fourteenth grounds.

## XIII.  SUFFICIENCY OF THE EVIDENCE

The fifteenth ground of the petition claims a violation of due process, on the basis that the court denied Bolton's motion to acquit where there was insufficient evidence to support a guilty verdict.  (R. 1, PageID #: 39.)  The state court of appeals ruled on this claim as follows:

In his eleventh assignment of error, appellant argues that the state failed to present sufficient evidence to sustain his convictions, and therefore, the trial court should have granted his motion for acquittal.

Under Crim.R. 29(A), a court "shall order the entry of a judgment of acquittal of one or more offenses * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."  A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial.  *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541.  On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.  *Id.*  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier

52

of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

Initially, appellant challenges the sufficiency of the evidence supporting his conviction for having a weapon while under disability. Appellant was found guilty of violating R.C. 2923.13(A)(3). Under that subsection, "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person * * * has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse[.]"

Appellant specifically argues that the evidence presented at trial was insufficient to support a finding that the "gun" identified by K.K. was a "firearm" as defined by R.C. 2923 .11. The definition of "firearm," as used in R.C. 2923.13, requires the firearm to be operable or readily capable of being rendered operable. See R.C. 2923.11(B)(1); *State v. Stubblefield*, 8th Dist. No. 90687, 2008-Ohio-5348, 2008 WL 4599656, ¶ 8.

Concerning operability, "the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm." R.C. 2923.11(B)(2). The Ohio Supreme Court has held that "proof of operability can be established a reasonable doubt by testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime." *State v. Murphy*, 49 Ohio St.3d 206, 551 N.E.2d 932 (1990), syllabus. Moreover, whether a firearm was operable or capable of being readily rendered operable at the time of the offense is determined within the context of "all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm." *Thompkins, supra*, at paragraph one of the syllabus; *State v. Crawford*, 8th Dist. No. 82833, 2004-Ohio-500, 2004 WL 229532.

In this case, K.K. testified that appellant forced her into her bedroom and placed a gun to the back of her head while he sexually assaulted her. Clearly, a reasonable juror could construe the action of placing a gun to K.K.'s head as an implicit threat to discharge the weapon if appellant's demands were not met. Accordingly, we find that the testimony constituted sufficient proof that appellant possessed a "firearm" as defined in R.C. 2923.11. Viewing the evidence in the light most favorable to the prosecution, we find the evidence is sufficient to convict appellant of having a weapon while under disability. *See State v. Lowe*, 8th Dist. No. 82997, 2004-Ohio-4622, 2004 WL 1944785; *State v. Stubblefield*, 8th Dist. No. 90687, 2008-Ohio-5348, 2008 WL 4599656; *State v. Webb*, 10th Dist. No. 10AP-289, 2010-Ohio-6122, 2010 WL 5141710; *State v. Jones*, 4th Dist. No. 09CA1, 2010-

Ohio-865, 2010 WL 769215; *State v. Pride*, 10th Dist. No. 11AP–55, 2011-Ohio-6055, 2011 WL 5873378.

Appellant next claims that the evidence presented at trial was insufficient to convict him of rape, kidnapping, and gross sexual imposition where the only link to appellant was the DNA found in K.K.'s underwear.

Rather than challenging the state's failure to establish the elements of rape, kidnapping, and gross sexual imposition, appellant asserts that the state failed to present sufficient evidence that linked him to the crimes.  Specifically, appellant argues that his convictions could not be beyond all reasonable doubt where only nine of the possible 15 genetic markers on the DNA sample matched him. Appellant's assertion is misplaced.

At trial, Melissa Zielaskiewicz testified that, in comparing the DNA sample from appellant to the DNA profile found in K.K.'s underwear, she could not exclude appellant as the source of the DNA.  Zielaskiewicz explained that the expected frequency of occurrence of the partial DNA profile from the sperm cutting from K.K.'s underwear is 1 in 1,481,000,000,000 unrelated individuals.  Furthermore, Zielaskiewicz testified that the world's population is approximately 6.5 billion.  In our view, the DNA evidence, coupled with K.K.'s detailed testimony, is sufficient evidence to convict appellant of rape, kidnapping, and gross sexual imposition.

(R. 14-1, RX 20, PageID #: 325-329; *Bolton*, 2012 WL 171039, at *14-*15.)

The state court of appeals relied on state law, rather than federal law, in addressing the sufficiency of the evidence claim.  The state court, however, relied on *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997), and *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) (syllabus), which follow the sufficiency of evidence standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).  (R. 14-1, RX 20, PageID #: 326; *Bolton*, 2012 WL 171039, at *14.)  Thus, the issue is whether the state court decision was an unreasonable application of clearly established federal law; in other words, whether the state court identified the correct governing legal principle from Supreme Court decisions, but unreasonably applied that principle to the facts of Bolton's case.  *Williams*, 529 U.S. at 410-412.

54

Under Supreme Court precedent, a sufficiency of the evidence claim is reviewed by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *see also Cavazos v. Smith*, 565 U.S. 1, 7 (2011) (per curiam); *Bagby*, 894 F.2d at 794. As noted above, this was the standard applied by the state appellate court. (R. 14-1, RX 20, PageID #: 326; *Bolton*, 2012 WL 171039, at *14.) Thus, the state court identified the correct governing legal principle as set forth in *Jackson v. Virginia*.

Under *Jackson*, the habeas court does not make its own subjective determination of guilt or innocence. *Russell v. Anderson*, No. 1:07CV3434, 2008 WL 4534144, at *3 (N.D. Ohio Oct. 6, 2008) (citing *Herrera v. Collins,* 506 U.S. 390, 402 (1993)); *Talley v. Hageman*, 619 F.Supp.2d 407, 416 (N.D. Ohio 2008) (citing *Herrera*). This court does not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury. *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009), *cert. denied*, 562 U.S. 858 (2010) (quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)); *Dover v. Warden, Belmont Corr. Inst.*, No. 5:08CV2130, 2009 WL 1940728, at *14 (N.D. Ohio July 2, 2009). It is the province of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the evidence presented. *See, e.g.*, *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003) *cert. denied,* 540 U.S. 1158 (2004).

The Supreme Court has emphasized that "it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos*, 565 U.S. at 2. The Court stressed that *Jackson* "unambiguously instructs that a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even

55

if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Cavazos*, 565 U.S. at 7 (quoting *Jackson*, 443 U.S. at 326). "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) (quoting *Cavazos*).

On habeas review, "the *Jackson v. Virginia* standard is so demanding that '[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.'" *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (en banc), *cert. denied*, 566 U.S. 947 (2012) (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)). The Supreme Court has affirmed that "*Jackson* claims face a high bar in federal habeas proceedings." *Coleman v. Johnson*, 566 U.S. at 651. A federal habeas court may overturn the state court's sufficiency of the evidence decision "only if the state court decision was 'objectively unreasonable.'" *Id.* (citing *Cavazos*, 565 U.S. at 4).

A sufficiency of the evidence claim "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir.), *cert. denied*, 537 U.S. 980 (2002) (quoting *Jackson*, 443 U.S. at 324 n.16). Thus, the federal court must look to state law to determine the elements of the crime. *Cameron v. Birkett*, 348 F.Supp.2d 825, 838-839 (E.D. Mich. 2004) (quoting *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999), *cert. denied*, 528 U.S. 1170 (2000)). The state court's opinion set forth the elements of the crimes, insofar as Bolton challenged the court's finding as to those elements, and recounts the evidence that supports a conviction on those elements. (R. 14-1, RX 20, PageID #: 326-328; *Bolton*, 2012 WL 171039, at \*14-\*15.) The

56

state court also addressed Bolton's challenge to the sufficiency of the DNA evidence.  (R. 14-1, RX 20, PageID #: 328-329; *Bolton*, 2012 WL 171039, at *15.)

Reviewing the state court's determination on these issues, this court cannot find that the state court's decision is an objectively unreasonable application of federal law.  The petitioner has failed to demonstrate that the state court determination resulted in a decision that involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Consequently, the petition should not be granted on the basis of the fifteenth ground of the petition.

## XIV.  CONCLUSION

The petition for a writ of habeas corpus should be denied, for the reasons set forth above with respect to each of the petitioner's eighteen grounds for habeas corpus relief.


*s/ David A. Ruiz*
David A. Ruiz
United States Magistrate Judge


Date:  April 7, 2021


OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice.  Failure to file objections within the specified time may forfeit the right to appeal the Magistrate Judge's recommendation.  *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).